PHILLIP A. TALBERT
United States Attorney
KATHERINE E. SCHUH
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  1:19-CR-00223-NONE-SKO |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| MIGUEL DENIZ, | DATE: March 30, 2021 TIME: 1:00 p.m. COURT: Hon. Sheila K. Oberto |
| Defendant. | |

This case was previously set for a status conference on March 30, 2022.  By stipulation, the parties now move to continue the status conference to June 1, 2022, and to exclude time between March 30, 2022, and June 1, 2022.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [1] If continued, this Court should designate a new date for the status conference. *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on March 30, 2022.

2. By this stipulation, defendant now moves to continue the status conference until June 1,

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1   2022, and to exclude time between March 30, 2022, and June 1, 2022, under Local Code T4.

2        3.     The parties agree and stipulate, and request that the Court find the following:

3        a)     The government has represented that the discovery associated with this case

4   includes investigative reports and related documents, body camera footage, audio recordings,

5   criminal history reports, downloads from digital devices, photographs, and court documents. All

6   of this discovery has been either produced directly to counsel and/or made available for

7   inspection and copying.

8        b)     Undersigned counsel for the defendant came on the case in late October.  Counsel

9   for defendant desires additional time review discovery provided by the government, conduct

10  additional investigation regarding the charges, consult with his client, and discuss potential

11  resolution with the government.  Due to the pandemic, counsel for the defendant has limited

12  access to his client, who is in pre-trial detention.

13       c)     Counsel for defendant believes that failure to grant the above-requested

14  continuance would deny him/her the reasonable time necessary for effective preparation, taking

15  into account the exercise of due diligence.

16       d)     The government does not object to the continuance.

17       e)     Based on the above-stated findings, the ends of justice served by continuing the

18  case as requested outweigh the interest of the public and the defendant in a trial within the

19  original date prescribed by the Speedy Trial Act.

20       f)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

21  et seq., within which trial must commence, the time period of March 30, 2022 to June 1, 2022,

22  inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

23  because it results from a continuance granted by the Court at defendant's request on the basis of

24  the Court's finding that the ends of justice served by taking such action outweigh the best interest

25  of the public and the defendant in a speedy trial.

26       4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the

27  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

28  must commence.

IT IS SO STIPULATED.


Dated:  March 23, 2022                              PHILLIP A. TALBERT
                                                   United States Attorney


                                                   /s/ KATHERINE E. SCHUH
                                                   KATHERINE E. SCHUH
                                                   Assistant United States Attorney


Dated:  March 23, 2022                              /s/ MELISSA BALOIAN
                                                   MELISSA BALOIAN
                                                   Counsel for Defendant
                                                   MIGUEL DENIZ




                                    **ORDER**

       IT IS SO ORDERED.






DATED:  3/23/2022                       _Sheila K. Oberto_
                                        THE HONORABLE SHEILA K. OBERTO
                                        UNITED STATES MAGISTRATE JUDGE